# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Clovis B. Lawless,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0833** (BOR Appeal No. 2056533)
            (Claim No. 2016003365)

**Community Trust Bancorp, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clovis B. Lawless appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Community Trust Bancorp, Inc., filed a timely response.[1] The issue on appeal is permanent partial disability. The claims administrator granted a 17% permanent partial disability award on January 13, 2020. In a separate decision that day, the claims administrator also granted no additional award. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its March 19, 2021, Order. The Order was affirmed by the Board of Review on September 17, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Lawless, a market president, was injured in a car accident in the course of his employment on July 29, 2015, when his vehicle was rear-ended. The compensable diagnoses appear to be concussion, post-concussion syndrome, neck strain, cervical strain, and depression.[2] Mr. Lawless underwent three independent medical evaluations in order to determine his permanent impairment.

On November 4, 2019, P. Kent Thrush, M.D., performed an independent medical evaluation in which he noted that Mr. Lawless denied any neck or back problems prior to the compensable injury. Dr. Thrush diagnosed cervical sprain superimposed on mild age-related degenerative arthritis and degenerative disc disease and opined that the sprain was the only condition related to the compensable injury. He opined that the surgery Mr. Lawless underwent for his cervical spine should not be covered under workers' compensation and noted that MRIs showed preexisting, age-related degenerative changes. Dr. Thrush concluded that Mr. Lawless had

---

[1]Petitioner, Clovis Lawless, is represented by Gregory W. Sproles, and respondent, Community Trust Bancorp, is represented by Maureen Kowalski.

[2]Neither the application for benefits nor the order of compensability were submitted.

1

reached maximum medical improvement. He assessed 6% cervical spine impairment for range of motion loss. He then placed Mr. Lawless in Cervical Category IV D from Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for 11% impairment. His total combined impairment rating was 15%. Dr. Thrush then placed Mr. Lawless in Cervical Category III from West Virginia Code of State Rules § 85-20-E, which has an impairment range of 15-18%. Dr. Thrush recommended 17% impairment.

Marsha Bailey, M.D., performed an independent medical evaluation on December 5, 2019, in which she opined that Mr. Lawless sustained an acute cervical sprain and strain, as well as a closed head injury as a result of the compensable injury. She noted that the compensable diagnoses in the claim were concussion, post-concussion syndrome, neck sprain, cervical sprain, and depression. Dr. Bailey noted that conditions such as concussion or post-concussion syndrome heal within weeks as long as there are no acute abnormalities, and Mr. Lawless's head CT scan showed no injury-related findings. Dr. Bailey concurred with Dr. Thrush that the appropriate diagnosis for the compensable injury is cervical sprain. Using the AMA *Guides*, Dr. Bailey assessed 10% impairment under Table 75 Category V D. She found an additional 1% impairment from Category IV E for the cervical fusion surgery. Dr. Bailey stated that Mr. Lawless's cervical range of motion measurements were all pain restricted and invalid. Dr. Bailey examined Mr. Lawless's upper extremities and concluded that the measurements were invalid as they varied by over 20%. Her total range of motion impairment assessment was 11%. Dr. Bailey then placed Mr. Lawless in Cervical Category IV from West Virginia Code of State Rules § 85-20-E, which has an impairment range of 25-28%, and adjusted the rating to 25%. However, Dr. Bailey apportioned the entire 25% impairment for preexisting conditions. She opined that the cervical surgery Mr. Lawless underwent was not related to the compensable injury. Dr. Bailey noted that a shoulder injury was not supported by the record. She also noted that Mr. Lawless's cognitive complaints were the result of mental health conditions unrelated to the compensable injury and did not qualify for impairment. On January 13, 2020, Mr. Lawless was granted a 17% permanent partial disability award based on Dr. Thrush's report. In a separate decision that day, Mr. Lawless was granted no permanent partial disability award based on Dr. Bailey's report.

On June 17, 2020, Timothy Thistlethwaite, M.D., performed a psychiatric independent medical evaluation in which he diagnosed major depressive disorder, unspecified personality disorder, and somatic symptom disorder with predominant pain. He opined that Mr. Lawless had 10% impairment attributable to his psychiatric symptoms.

Robert Walker, M.D., performed an independent medical evaluation on July 20, 2020, in which he assessed 11% impairment for cervical range of motion loss. He placed Mr. Lawless in Disorder Class IVD from Table 75 of the AMA *Guides* for 10% impairment. Dr. Walker then found that Mr. Lawless belonged in Cervical Category IV from West Virginia Code of State Rules § 85-20-E and adjusted his rating to 25% impairment accordingly. He found no basis for apportionment. For the right shoulder, Dr. Walker assessed 15% upper extremity impairment for range of motion loss, which converted to 9% whole person impairment. He then apportioned 3% for overlapping cervical range of motion restrictions, leaving 6% for the compensable right shoulder injury. He found no impairment for Mr. Lawless's cognitive complaints. Dr. Walker assessed a combined total impairment of 29% for Mr. Lawless's compensable injury.

In a March 19, 2021, order the Office of Judges affirmed the claims administrators' decisions granting a 17% permanent partial disability award based on Dr. Thrush's report and granting no permanent partial disability award based on Dr. Bailey's report. It found that the order of compensability was not included in the record; however, the compensable diagnoses appear to be concussion, post-concussion syndrome, neck strain, cervical strain, and depression. Further, though intervertebral disc disorder has not been added to the claim, cervical surgery at several levels with fusions was authorized.

The Office of Judges noted that there were three evaluators of record. Dr. Thrush, an orthopedic surgeon, who found 17% impairment, placed Mr. Lawless in Cervical Category III, and declined to apportion his findings. Dr. Bailey, an occupational and environmental health physician, who found 11% impairment, placed Mr. Lawless in Cervical Category IV for 25% impairment, and apportioned the entire amount for noncompensable conditions. Finally, Dr. Walker, an occupational medicine physician, who found 20% impairment, placed Mr. Lawless in Cervical Category IV for 25% impairment, and declined to apportion for preexisting conditions. The Office of Judges noted that in order to qualify for impairment under Cervical Category III there must be

> [s]ignificant signs of radiculopathy, such as pain and/or sensory loss in a dermatomal distribution, loss of relevant reflex(es), loss of muscle strength, or unilateral atrophy compared with the unaffected side, measured at the same distance above or below the elbow; the neurologic impairment may be verified by electrodiagnostic findings or individual had clinically significant radiculopathy, verified by an imaging study that demonstrates a herniated disc at the level and on the side expected from objective clinical findings with radiculopathy or with improvement of radiculopathy following surgery for fractures: (1) 25% to 50% compression of 1 vertebral body; (2) posterior element fractures with displacement disrupting the spinal canal; in both cases, the fracture is healed without loss of structural integrity; radiculopathy may or may not be present; differentiation from congenital or developmental conditions may be accomplished, if possible, by examining preinjury roentgenograms or a bone scan performed after the onset of the condition.

To qualify for impairment under Category IV, with a range of 25 to 28%, Mr. Lawless must have

> [a]lteration of motion segment integrity or bilateral or multilevel radiculopathy; alteration of motion segment integrity as defined from flexion and extension radiographs as at least 3.5 mm of translation of 1 vertebra on another, or angular motion of more than 11% greater than at each adjacent angle (Figure 15-3a and 15-3b); alternatively, the individual may have loss of motion of a motion segment due to a developmental fusion or a successful or unsuccessful attempt at surgical arthrodesis; radiculopathy as defined in Cervical Category Roman III need not be present if there is alteration of motion segment integrity or fractures; (1) more than 50% compression of 1 vertebral body, without residual neural compromise.

3

The Office of Judges found that Dr. Thrush noted that Mr. Lawless's x-rays showed excellent position of the artificial disc and good alignment of the fusion. Dr. Thrush placed Mr. Lawless in Cervical Category III with no explanation. Dr. Bailey placed Mr. Lawless in Category IV with no explanation. Dr. Walker placed Mr. Lawless in Cervical Category IV but rather than making a specific clinical finding, he merely quoted a portion of the code. The Office of Judges concluded that none of the reports corroborated each other and determined that the physician most qualified to make an impairment evaluation in this case was Dr. Thrush, the orthopedic surgeon. It therefore affirmed the grant of a 17% award based on his report. The Office of Judge noted that there was no evidence of permanent impairment as a result of Mr. Lawless's concussion and no evidence that the right shoulder was a compensable component of the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its order on September 17, 2021.

Mr. Lawless now appeals the decision of the Board of Review. He asserts that Dr. Guberman's evaluation was improperly disregarded. His finding of 25% cervical spine impairment was based on a detailed evaluation. Mr. Lawless asserts that he is entitled to a total of 25% permanent partial disability.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. This case is somewhat unusual in that there is no direct evidence of the compensable conditions in the claim; the conditions had to be inferred from the medical evidence submitted. Further, the independent medical evaluations of record are somewhat lacking in explanations for placement of Mr. Lawless in Cervical Categories of West Virginia Code of State Rules § 85-20-E. Given our standard of review, it cannot be said that the grant of a 17% permanent partial disability award based on Dr. Thrush's report is incorrect, and Mr. Lawless has failed to show that he is entitled to a greater award than that which he has already been granted.

Affirmed.

**ISSUED: September 14, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn